KATHIE J SIMMONS
929 DeTurk St.
Santa Rosa, CA 95404
Telephone 707-522-8118
*IN PRO PER*
FILED
NOV 13 2013
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

IN RE

KATHIE J SIMMONS,

DEBTOR

Case No.: 13-11532

FIRST AMENDED
CHAPTER 13 PLAN

SECTION 1. PLAN PAYMENTS AND COMMITMENT PERIOD

1.1  Plan payments. The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments and amounts are as follows:

| Monthly Payment Amount | Number of Payments |
|---|---|
| 1. $625 | 4 |
| 2. $400 | 32 |

1.2  Pre-Confirmation Plan Payments. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier.

1.3  Post-Confirmation Plan Payments. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors:

SECTION 2. PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS

Case: 13-11532    Doc# 30    Filed: 11/13/13    Entered: 11/14/13 12:38:19    Page 1 of 5

## SECTION 2. PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS

2.1     Adequate Protection Payments. The following pre-confirmation adequate protection payments on claims secured by personal property shall be paid by the Trustee to the below listed creditors. The Debtor proposing pre-confirmation payments will commence these payments to the Trustee within 30 days of the date this Plan was filed or the Order of Relief, whichever is earlier. Creditors must file a proof of claim to receive payment from the Trustee. Payments by the Trustee should commence to these Creditors within 30 days of the filing of the proof of claim. Upon a pre-confirmation dismissal, all adequate protection order payments held by the Trustee shall be disbursed to Creditors.

| Name of Creditor | Collateral | Monthly Payment |
|---|---|---|
| 1. WELLS FARGO DEALERS SERVICE | 2011 Toyota Tacoma | $410 |

## SECTION 3. ADMINISTRATIVE COSTS

3.1     Administrative Costs. Trustee shall receive 10 percent of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

| Total Fees and Costs Requested | Fees and Costs Received | Balance of Fees and Costs Due | Monthly Payment |
|---|---|---|---|
| 0 | | | |

3.2     Trustee Fee. Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2.1 above and will be paid with Secured Debt as listed in Section 4.1 below.

## SECTION 4. SECURED CLAIMS

4.1     Secured Debt. Interest shall accrue on all secured claims from the date the petition is filed. Interest will be calculated at 10% per annum unless the Debtor specifies otherwise in this Plan. Secured Creditors will retain their liens until their allowed secured claims have been paid.

4.2     Post-Confirmation Payments to Creditors Secured by Personal Property. The Debtor seeks a determination that the value of the collateral is as set forth below. Failure to object to this listed amount shown may result in the Creditor's secured claim being limited to the collateral value amount listed. Creditors will, at minimum, be paid the amount reflected as the monthly payment. The Debtor's omission of any secured creditor does not affect the rights of the omitted creditor to file claims and be paid.

Case: 13-11532   Doc# 30   Filed: 11/13/13   Entered: 11/14/13 12:38:19   Page 2 of 5

| Class 1 Creditor's Name/ Collateral Description (Schedule D) | Collateral Value | Secured Debt Amount | Post Petition Interest Rate (0% if blank) | Monthly Payment or Dividend (Prorata if blank) |
|---|---|---|---|---|
| 1. Wells Fargo Dealers Service | $19000 | $9815 | 0% | $254.86 |

4.3  Surrender of Property.  None

4.4  Pre- Petition Debts To Be Paid by Debtor or Third Party.

The following debts shall be paid directly by a third party, Joel Hack, former spouse of debtor in accordance with their Marital Settlement Agreement.

| Class 3 Creditor's Name | Property Address | Monthly Payment |
|---|---|---|
| 1. WACHOVIA MORTGAGE FSB (FIRST MORTGAGE) | 1925 BAY FLAT RD BODEGA BAY CA 94923 | $900 |
| 2. WACHOVIA MORTGAGE FSB (SECOND MORTGAGE) | 1925 BAY FLAT RD BODEGA BAY CA 94923 | $200 |

Joel Hack further agrees to pay all outstanding amounts owed to the IRS for the years 2006 and 2008. Debtor shall repay the total amount from the proceeds of the sale of the jointly owned property located at 1925 Bayflat Rd, Bodega Bay 94923 whenever that occurs.

4.5  Pre-Petition Debt Secured by Real Property To Be Paid By The Trustee.  The Trustee shall pay the following debts secured by real property:

| Creditor's Name/Address | Property Address | Claim Amount | Post Petition Interest Rate (0% if blank) | Monthly Payment (Pro-rata if Blank) |
|---|---|---|---|---|
| 1. Sonoma County Tax Collector 586 Fiscal Dr Rm 100 Santa Rosa CA 95403 | 1925 Bayflat Bodega Bay CA 94923 | $269.87 | 18% | $72 |

### SECTION 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1  Executory Contracts and Leases.

The Debtor assumes the executory contract(s)/lease(s) referenced below and provides for the regular contract/lease payment(s), both pre-confirmation and post- confirmation, to be paid directly by the Debtor.

**FIRST AMENDED CHAPTER 13 PLAN**
3

Case: 13-11532   Doc# 30   Filed: 11/13/13   Entered: 11/14/13 12:38:19   Page 3 of 5

| Creditor | Property Address | Lease Arreages as of Date of Filing | Arrearage Payment by Trustee | Lease Payments Remaining as of Date of Filing | Lease Payment by Debtor |
|---|---|---|---|---|---|
| 1. GARY DUGGAN | 2380 Professional Dr Santa Rosa CA 95403 | $0 | $0 | 10 | $500 |

5.2  Executory Contracts Rejected. None

## SECTION 6. UNSECURED CLAIMS

6.1  Priority claims. Trustee shall pay all allowed filed priority claims prorata.

6.2  Domestic Support Obligations. None

6.3  Priority Tax Claims to be paid by the Trustee:

| **Class 6** Creditor/Lessor Name | Arrearage | Monthly Payment |
|---|---|---|
| 1. INTERNAL REVENUE SERVICE (2012) | $3416 | Pro Rata |

Debtor intends to file an amended return for 2012. All other years shall be paid in accordance with paragraph 4.4 of the plan.

6.4  Unsecured debts to be paid with interest. None

6.5  Other unsecured debts. Allowed unsecured claims shall be paid from funds remaining, after payment of the debts described (whether or not paid in full with interest) in Sections 2 through 6 above. The amounts to be paid under this Section 6 are estimated to be 0 % percent of allowed claims. (Prorata Plan)

6.6  Non-dischargeable Debts. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable in a Chapter 13 case pursuant to section 1328 of the Bankruptcy Code.

6.7  Secured claims subject to a Motion or Adversary Proceeding to Value and Avoid Lien.

Debtor filed a Motion to Value and Avoid Lien (the "Motion") with respect to the lien held by Creditor KADIN BLONSKI, a subordinate lien holder on debtor's residence located at 1925 BAY FLAT RD BODEGA BAY CA 94923 in an approximate amount of $700.00. The Motion was heard and granted and an Order has been filed in the case.

**FIRST AMENDED CHAPTER 13 PLAN**
4

Case: 13-11532   Doc# 30   Filed: 11/13/13   Entered: 11/14/13 12:38:19   Page 4 of 5

Debtor shall file a Motion to Value and Avoid Lien with respect to the lien of the State of California, Division of Labor Standards, a subordinate lien holder on debtor's real property located at 1925 Bayflat Rd., Bodega Bay California 94923. The amount of the lien is approximately $6,000. The Creditor will not receive payment will the motion is pending.

If the court grants the Motion and determines the subordinate lien held by Creditor is unsecured within the meaning of 11 U.S.C. § 506, the lien shall dealt with as provided in the Court's GUIDELINES FOR VALUING AND AVOIDING LIENS IN INDIVIDUAL CHAPTER 11 CASES AND CHAPTER 13 CASES. If the Court denies the Motion, the Debtor(s) shall promptly, but no more than fourteen (14) days from Notice of Entry of the order denying the motion, amend the Plan to provide for appropriate treatment of this lien, consistent with the subject order.

If the Debtor(s) fails to timely file an amended Plan as provided for above, the Creditor or the Trustee may file a Motion to Dismiss for failure to prosecute the case or Creditor may file a Motion for Relief from Stay. The Chapter 13 Plan shall not be confirmed until the Court enters its order regarding the Motion.

## SECTION 7. PAYMENT OF CLAIMS AND ORDER OF PAYMENT

7.1 Distribution upon confirmation. After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee to holders of allowed claims and approved expenses in the order provided for by this Plan. From the monthly plan payment, Trustee shall pay Trustee's fees and administrative expenses first, then the monthly amount specified above for each secured claim, then priority claims until they are paid in full then to holders of unsecured non-priority claims.

## SECTION 8. MISCELLANEOUS PROVISIONS

8.1 Federal Tax Returns. Trustee is to be provided, through the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2013 tax year, by May 15th of the year following the year of the return. Trustee may request and Debtor must supply current income and expense information, on required Trustee forms, for each of the years that the tax returns are provided.

8.2 Vesting of property. The Debtor elects to have property of the estate re-vest in the Debtor upon Plan confirmation. Once the property re-vests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

DATE November 12, 2013

*Kathie Simmons*
KATHIE J. SIMMONS

FIRST AMENDED CHAPTER 13 PLAN
5

Case: 13-11532   Doc# 30   Filed: 11/13/13   Entered: 11/14/13 12:38:19   Page 5 of 5